UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSE LaSANTA,                                   MEMORANDUM DECISION
                                                      AND ORDER
                    Petitioner,                 02 CV 1572 (GBD)

         -against-

JOHN P. KEANE,

                    Respondent.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

*Pro se* petitioner filed a writ of habeas corpus challenging his conviction, upon a jury trial, in Supreme Court, Bronx County, rendered on November 6, 1997, for manslaughter in the first degree. It is undisputed that during an altercation with decedent, petitioner used a firearm to shoot the unarmed victim four times causing his death. Petitioner was charged with intentional murder in the second degree. The trial court granted defense counsel's application to submit, as lesser-included offenses, two alternative counts of manslaughter in the first degree. One count was based on an intent to cause the death of another while acting under the influence of extreme emotional disturbance. The other count was based on an intent to cause serious physical injury. The petitioner was acquitted of murder in the second degree. He was found guilty of one count of manslaughter in the first degree based on an intent to cause serious physical injury. He was sentenced to a term of imprisonment of 8-1/3 to 25 years.

Petitioner raises three claims in support of his habeas application; all of which were rejected on direct appeal to the New York State appellate court. Petitioner contends that his constitutional rights were violated because the trial judge did not *sua sponte* submit, for the jury's consideration, the lesser-included offense of manslaughter in the second degree which

requires a finding that petitioner acted recklessly. Similarly, he argues that he was denied effective assistance of counsel as a result of his attorney's failure to request that this lesser-included offense be charged. Finally, petitioner maintains that his sentence was excessive and constitutes an abuse of the trial judge's discretion.

The matter was referred to Magistrate Judge Douglas F. Eaton for a Report and Recommendation ("Report"). The magistrate judge found that no federal constitutional violation occurred as a result of the trial court's failure to *sua sponte* charge a lesser-included offense. Magistrate Judge Eaton also concluded that the state appellate court acted reasonably in rejecting petitioner's claim of ineffective assistance of counsel. The magistrate judge found that defense counsel's performance was quite effective, and resulted in petitioner's acquittal of the top count of murder in the second degree. Finally, Magistrate Judge Eaton found that petitioner's constitutional excessive sentence claim fails on its merits.

Petitioner filed thirty-seven pages of objections to the twelve page Report. The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The Court must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also, Fed.R.Civ.P. 72(b). It is not required that the Court conduct a *de novo* hearing on the matter. United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which the objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine

the extent, if any, it should rely upon the magistrate judge's proposed findings and recommendations. Raddatz, 447 U.S. at 676. The Court may accept those portions of the Report, to which there are no objections, provided there is no clear error on the face of the record. Nelson v. Smith, 618 F.Supp. at 1189; see also Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd sub nom. Heisler v. Rockland County, 164 F.3d 618 (2d Cir. 1998). Since plaintiff is proceeding *pro se*, his objections, as well as his other pleadings, are to be liberally construed and interpreted to raise the strongest arguments they suggest. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

The Court has examined petitioner's various objections and find them all to be without merit. A number of petitioner's objections concern the Report's factual summary of the trial testimony. Petitioner contends that the magistrate judge did not take into consideration certain factual disputes regarding the evidence at trial. The resolution of factual disputes is a function solely of the jury as triers of fact. A habeas corpus proceeding is not a vehicle to relitigate state criminal trials so that the federal court may make its own determination as to petitioner's guilt or innocence. Herra v. Collins, 506 U.S. 390, 401 (1993). In any event, petitioner's objections, in this regard, have no bearing on the ultimate resolution of his habeas application.[1]

Similarly unavailing are petitioner's objections to the magistrate judge's finding that he is not entitled to habeas relief on the grounds that the trial judge did not *sua sponte* charge the

---

[1] Also irrelevant are petitioner's objections to the Report's finding that two of his claims were unexhausted. Notwithstanding any procedural impediment to habeas review, Magistrate Judge Eaton fully analyzed the substance of those claims and concluded that they were without merit.

lesser-included offense of manslaughter in the second degree. The claim that a state court failed to charge a lesser-included offense is not cognizable in a federal habeas corpus proceeding. See, Mannix v. Phillips, 390 F.Supp.2d 280, 295 (S.D.N.Y. 2005); Smith v. Barkley, 2004 WL 437470, at *5-6 (N.D.N.Y. Feb. 18, 2004); Lindsey v. Fischer, 2004 WL 112884, at *6-7 (S.D.N.Y. Jan. 23, 2004); Fleurant v. Duncan, 2003 WL 22670920, at *9 (E.D.N.Y. Nov. 7, 2003); Wai v. Fischer, 2003 WL 22416117, at *3-4 (S.D.N.Y. Oct. 22, 2003); Sides v. Senkowski, 281 F.Supp.2d 649, 657 (W.D.N.Y. 2003).

Nor is there any credence to petitioner's objections that the magistrate judge erroneously concluded that his trial attorney provided effective assistance of counsel. The record reflects that defense counsel provided meaningful and effective representation throughout the proceedings. Petitioner has failed to make the necessary showing to overcome the presumption that defense counsel's failure to request the lesser-included charge of manslaughter in the second degree, was sound trial strategy. See, Torres v. Stinson, 2000 WL 1919916, at *6 (E.D.N.Y. Dec. 29, 2000); Vasquez v. United States, 1996 WL 694439, at *7 (S.D.N.Y. Dec. 3, 1996), *Op. clarified by* 1997 WL 148812 (S.D.N.Y. Mar. 28, 1996); Colon v. Smith, 723 F.Supp. 1003, 1008 (S.D.N.Y. 1989); Grant v. Bara, 1989 WL 146796, at * 2 (S.D.N.Y. Nov. 28, 1989).[2]

Additionally, the magistrate judge properly rejected petitioner's excessive sentence claim. Petitioner's sentence falls within the range prescribed by state law. Generally, when the sentence imposed is within the range prescribed by state law, no federal constitutional issue arises. White

---

[2] The state appellate court found that there was no reasonable view of the evidence which would support a finding that petitioner caused decedent's death because of recklessness rather than intent to inflict serious physical injury. The appellate court, therefore, held that defense counsel's decision not to request submission of manslaughter in the second degree did not amount to ineffective assistance. People v. LaSanta, 722 N.Y.S.2d 376 (N.Y. App. Div. 2001).

v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see also, Dorsey v. Irvin, 56 F.3d 425, 427 (2d Cir. 1995) (citation omitted). However, a petitioner may still be entitled to habeas relief if he "show[s] that the state court's sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." Jones v. Hollins, 884 F.Supp. 758, 761-62 (W.D.N.Y. 1995) (citations omitted), *aff'd*, 89 F.3d 826 (2d Cir. 1995). Magistrate Judge Eaton correctly determined that petitioner failed to make such a showing.

The Court has also examined the remaining portions of the Report, to which there are no objections, and find that they are not facially erroneous.

The Court adopts the Report and its recommendation. Accordingly, the writ is hereby denied and the petition is dismissed.

As the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealabilty will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: New York, New York
       December 29, 2005

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge